IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LIVIA GUAJARDO,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| **STATE FARM LLOYDS,** § | | |
| Defendant § | | |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.  On May 21, 2015, Plaintiff Livia Guajardo ("Plaintiff") filed her Original Petition ("Original Petition") styled Cause No. DCL-03143-G; *Livia Guajardo v. State Farm Lloyds;* In the 404th Judicial District Court of Cameron County, Texas. State Farm was served with citation on June 1, 2015.  On June 19, 2015, Defendant State Farm Lloyds filed an answer in state court.

### *Nature of the Suit*

2.  This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claims for damages from storm-related conditions allegedly sustained by her residential property: 4956 La Entrada, Brownsville, Texas.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the proper parties. At the time Plaintiff filed her Original Petition on May 21, 2015 and as of the date of filing this Notice, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant State Farm Lloyds is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5. Upon information and belief, Plaintiff was a citizen of Texas when she filed her Petition and continues to be a citizen of Texas.

6. Pursuant to 28 USC § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" Plaintiff states in her Original Petition, paragraph 70, that "Plaintiff seeks monetary relief of over $100,000 but not more than $200,000." See Plaintiff's Original Petition, attached as Exhibit A.

7. In determining the amount in controversy, the court may consider "policy limits, penalties, statutory damages, and punitive damages."[2] Further, Plaintiff claims that her

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. Liberty Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont*

property insured through State Farm, sustained covered damages. Plaintiff alleges that State Farm breached the insurance contract when it failed to pay Plaintiff all benefits related to her claim.[3] Plaintiff seeks damages for breach of contract under her insurance contract identified as Policy Number 83-KH-9300-4 with coverage limits of $108,700.00 for the dwelling, dwelling extension up to $10,870.00, limits of up to $59,785.00 for personal property, and coverage for the actual amount of additional living expenses.

7. Plaintiff has pled damages in excess of $75,000.00, the minimum amount of damages required for removal. Plaintiff seeks actual damages, special damages, and attorney fees for her claims of against State Farm.[4] Thus, given the Policy involved in Plaintiff's claims, the nature of Plaintiff's claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

8. State Farm was first served with the Original Petition on June 1, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

*Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] Plaintiff's Original Petition.

11.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Cameron County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 404th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, and that this Court enters such further orders as may be necessary and appropriate.

Respectfully submitted,

_____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
Southern District No. 21360
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

Christiana Dijkman
State Bar No. 00783967
Southern District Bar No. 15565
LINDOW ▪ STEPHENS ▪ TREAT LLP
CHASE TOWER
200 S. 10th Street, Suite 701
McAllen, Texas  78501
Telephone: (210) 227-2200
Facsimile:  (210) 227-4602
cdijkman@lstlaw.com
***Attorney for State Farm Lloyds***

---

[4] *See* Plaintiff's Original Petition, paragraph 76.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this the 30th day of June, 2015, addressed to those who do not receive notice from the Clerk of the Court.

Bill L. Voss
Scott G. Hunziker
Clayton Hardin
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

_____
David R. Stephens

Case 1:15-cv-00119   Document 1   Filed in TXSD on 06/30/15   Page 6 of 6